IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN ROBINSON, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1863-K |
| | § | |
| JUDGE MICHAEL SNIPES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Gregory Allen Robinson, Jr., a former Texas prisoner, against a state district judge, two unknown Dallas County prosecutors,[1] and his former attorney. On September 30, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual

---

[1] Plaintiff named the "District Attorney's Office" as a defendant in his original *pro se* complaint. Because the "District Attorney's Office" is not a legal entity with jural authority, it cannot be sued in federal court. *See Blaney v. Meyers*, No. 3-08-CV-1869-P, 2009 WL 400092 at *2 (N.D. Tex. Feb. 17, 2009). When this pleading defect was brought to plaintiff's attention, he identified two unknown "female D.A.'s" as the persons responsible for violating his civil rights. (*See* Mag. J. Interrog. #8).

basis of his suit. Plaintiff answered the interrogatories on October 26, 2009. The court now determines that this case should be summarily dismissed.

II.

Although his complaint and interrogatory answers are difficult to decipher, plaintiff appears to allege that he was wrongfully prosecuted and convicted of theft in 2008. Now that he has discharged his one-year jail sentence, plaintiff seeks to hold the judge, prosecutors, and defense counsel responsible for his unlawful conviction and imprisonment. Specifically, plaintiff alleges that Judge Michael Snipes failed to properly apply the law, refused to dismiss the theft charge, and coerced plaintiff to plead guilty despite a lack of evidence. (*See* Mag. J. Interrog. #2 & 5). Plaintiff accuses two unnamed Dallas County prosecutors of engaging in misconduct, including filing false charges against him. (*See* Plf. Compl. at 3, ¶ IV(B); Mag. J. Interrog. #8). Finally, plaintiff contends that his attorney, T. Price Stone, failed to provide him with a copy of the police report, refused to file a motion to dismiss the indictment, did not advise family members of court dates, and generally rendered ineffective assistance of counsel. (*See* Mag. J. Interrog. #4). By this suit, plaintiff seeks money damages and an order expunging the theft conviction from his record.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff's claims are subject to summary dismissal for at least two reasons. First, judges and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges); *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors). Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist.*

*Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Even if plaintiff could sue the judge, prosecutors, and defense counsel, his claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that the judge failed to properly apply the law, that the prosecutors filed false charges against him, and that his attorney rendered ineffective assistance of counsel--all of which resulted in his pleading guilty to a crime he did not commit. Such claims necessarily imply the invalidity of plaintiff's theft conviction, which has never been reversed or declared invalid. (*See* Mag. J. Interrog. #7). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Ferguson v. City of Rowlett*, No. 3-04-CV-1429-P, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (claim that police and prosecutor conspired to manufacture misleading videotape and present false evidence to jury was barred by *Heck*); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to

claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that a prior lawsuit brought by plaintiff against two of the defendants named herein, Judge Michael Snipes and T. Price Stone, also was dismissed on *Heck* grounds. *See Robinson v. Stone*, No. 3-09-CV-0220-B, 2009 WL 790130 (N.D. Tex. Mar. 25, 2009).